Johnson, J.
I concur with my brother Oolcock, that the motion in this case should be granted. The genera] rule is, that an action will not lie against one of several joint obligors ; and the rule, that if the plaintiff sue and recover judgment against one of them, it is a bar to an action against the other, is only a modification of the rule, or father another application of it to a different state of facts. He cannot maintain an action against the other, because he cannot sue one of several joint contracting parties and this modification of the rule was intended to meet this state of facts. It could not have been foreseen, that a defendant, against whom a judgment had already gone, would have acquiesced in a second recovery for the same canse of action ; and it was only in protecting him against a second recovery, that his co-obligor was necessarily protected by the original rule, that one of several joint obligors cannot be sued alone.
How is the fact here 1 Lemasters, against whom the judgment was obtained, has not contested the plaintiff’s right to recover. On the contrary, he has joined with the plaintiff in an application to the, Court, to arrest that judgment, for the express purpose of putting it out of the way of the present recovery. There is no objection to the non-joinder of proper parties in the present action ; and it is difficult to conceive in what way the defendant Lee, has been prejudiced by the former recovery. It has not deprived him of any right, which he before had, nor has it subjected him to any additional liability. If in consequence of the former judgment, Lemasters be liable to pay the same debt twice, he is not interested, because he is only bound to pay it once. There is then, neither reason, nor justice, iu the application of the rule to this case.
Nott, J. was absent from indisposition.
Motion granted.*

 For the sequel of this ease, vide 2 Bailey, 141.